## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT HUNTINGTON

**LESLIE P. STEWART,**

**Plaintiff,**

**v.**                                          **CIVIL ACTION NO.** 3:21-cv-00274

**CITY OF HUNTINGTON,**

**Defendant.**

### C O M P L A I N T

NOW COMES the Plaintiff, Leslie P. Stewart, by counsel, who for her cause of action against the Defendant, City of Huntington, asserts as follows:

### PARTIES

1.    Plaintiff, Leslie P. Stewart, now is and at all times hereinmentioned was a resident of Ashland, Kentucky.

2.    Defendant, City of Huntington, now is and at all times hereinmentioned was a Municipal Corporation, existing in Cabell County, West Virginia.

### STATEMENT OF FACTS

3.    On May 4, 2019 at approximately 11:00 p.m., Leslie P. Stewart was walking on the southerly side of 4th Avenue between 12th and 13th Streets, directly across from Pia Pit on her way to her car. Ms. Stewart stepped into an uncovered utility hole in the sidewalk, causing her to fall.

4.    As a result of said fall, Plaintiff Leslie P. Stewart has suffered

severe and permanent physical and mental injuries.

## JURISDICTION OF VENUE

5.     Jurisdiction and Venue are proper in the United States District Court for the Southern District of West Virginia, in that the Defendant Municipality exists there, there exists diversity of jurisdiction by and between the parties and the amount in controversy exceeds $75,000.00.

## FIRST CAUSE OF ACTION
### (Negligence)

6.     Plaintiff realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7.     Defendant had a duty to design, inspect, repair and maintain the city's utility meters, in such manner as would a reasonably prudent municipality under the same or similar circumstances.

8.     Defendant breached said duty by not properly designing, inspecting, repairing and maintaining the uncovered utility meter in which Plaintiff fell.

9.     As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical bills, lost wages, and other incidental expenses, and it is reasonably certain she will incur all of these into the future, for which the Defendant is liable.

10.     As a further direct and proximate result of the Defendant's negligence, Plaintiff has endured physical and emotional pain and suffering, annoyance and inconvenience, loss of her capacity to enjoy life, and it is

reasonably certain she will continue to suffer all of these into the future, for which the Defendant is liable.

## SECOND CAUSE OF ACTION
### (Nuisance)

11.  Plaintiff realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.  Defendant had a duty to keep its city sidewalks free and clear of nuisances.

13.  The open utility hole in which Plaintiff fell, constituted a nuisance to pedestrians and the Plaintiff in particular.

14.  As a direct and proximate result of the nuisance create by the Defendant, Plaintiff has incurred damages as set forth herein below.

## DAMAGES

15.  As a direct and proximate result of the Defendant's wrongful conduct, as set forth hereinabove, Plaintiff is entitled to the following damages:

A.  Past and future medical bills;

B.  Past and future mental pain and suffering;

C.  Past and future physical pain and suffering;

D.  Past and future lost wages;

E.  Permanent scarring;

F.  Loss of enjoyment of life;

G.  Attorney fees; and

H.  Such other damages as may have been incurred by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asserts that the amount in controversy exceeds the

necessary minimum amount required for jurisdiction in this Court and

demands judgment from and against the Defendant for compensatory damages

as to be determined by a jury.  Plaintiff further requests she be awarded her

costs and expenses incurred in bringing this suit, including reasonable

attorney fees and such other relief as the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**


<u>**LESLIE P. STEWART,**</u>
**By Counsel**


By: /s/Michael J. Del Giudice
   CICCARELLO, DEL GIUDICE & LAFON
   1219 Virginia Street East, Suite 100
   Charleston, West Virginia 25301
   Phone: 304.343.4440