# EXHIBIT 4

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

WILLIAM LEE TOTTEN,

Plaintiff,

v.

Civil Action No. 08-C-1828
Honorable Jennifer Bailey, Judge

THE CITY OF CHARLESTON,
WEST VIRGINIA, a municipal
corporation,

Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO LIMIT PLAINTIFF'S RECOVERABLE MEDICAL EXPENSES

On September 1, 2009, came Defendant the City of Charleston, by counsel, Karen Tracy McElhinny and Shuman, McCuskey & Slicer, PLLC, and Plaintiff, in person and by counsel, Charles D. Perfater, and presented oral argument on the City of Charleston's Motion for Partial Summary Judgment to Limit Plaintiff's Recoverable Medical Expenses. After considering the briefs filed by both parties and oral argument by counsel, this Court is of the mind and does hereby make the following findings of fact and conclusions of law:

1. Defendant the City of Charleston is a political subdivision and therefore protected by the provisions of the Governmental Tort Claims and Insurance Reform Act, West Virginia Code §29-12A-1, *et. seq.* See, West Virginia Code §29-12A-3(c).

2. This Court also finds that West Virginia Code §29-12A-13(c) bars "a direct claim against and recovery from a political subdivision by a party claiming under a right of subrogation to the claim of another party against the subdivision; and also requires that there



be an offset of any recovery by an injured plaintiff from a political subdivision in the amount of first-party insurance proceeds received by the plaintiff as compensation for their injuries or damages." Syl. pt. 5, Foster v. City of Keyser, 202 W.Va. 1, 4 501 S.E.2d 165, 168 (1987).

3.    This Court finds as a matter of law that Defendant City of Charleston is entitled to an offset for all proceeds actually paid by Plaintiff's health insurers and Medicare.

4.    This Court also finds as a matter of law that West Virginia Code §29-12A-13(c)'s provisions entitling the City of Charleston to an offset for amounts paid by health insurers and Medicare are not preempted by the federal Medicare reimbursement statutes and/or the federal Medicare Plus reimbursement statutes. This Court finds that, in those reimbursement statutes, Congress did not expressly state an intent to preempt state law, and West Virginia's statute does not interfere with an application of the federal statutes. Thus, because both statutes can exist harmoniously without one doing damage to the other, this Court finds that there is no preemption of the offset provisions of the Governmental Tort Claims and Insurance Reform Act.

5.    This Court takes the remaining issues outlined in the City's Motion for Partial Summary Judgment under advisement and will rule on those motions at some later point.

6.    Therefore, the Defendant's Motion for Partial Summary Judgment to Limit Plaintiff's Recoverable Medical Expenses is hereby **GRANTED IN PART**, thereby granting

2

the Defendant an offset against Plaintiff's claimed medical expenses to the extent of proceeds actually paid by the Plaintiff's health insurers and Medicare.

7.    The objections and exceptions of Plaintiff are hereby preserved.

8.    The Clerk of the Court is hereby **ORDERED** to send copies of this Order to all counsel of record including:

> Karen Tracy McElhinny, Esq.
> Shuman, McCuskey & Slicer, PLLC
> Post Office Box 3953
> Charleston, WV 25339

> Charles D. Perfater, Esquire
> Perfater Law Office
> P. O. Box 18407
> South Charleston WV 25303-8407

Enter: this _____ 21st _____ day of _____ September _____, 2009.

Honorable Jennifer Bailey, Judge

Prepared by:

Karen Tracy McElhinny, Esq. (7517)
Shuman, McCuskey & Slicer, PLLC
Post Office Box 3953
Charleston, WV 25339-3953

Inspected and Approved as to form:

Charles D. Perfater, Esq. (2859)
Perfater Law Office
Post Office Box 18407
South Charleston, WV 25303-8407

3

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

FILED

IN re the matter of
SARAH N. MCGUFFIN, as parent
and next friend of WESLEY
MCGUFFIN, a minor,

Petitioner.

2005 DEC 20 P 2:00

ADELL CHANDLER
CIRCUIT CLERK
CABELL WV

CIVIL ACTION NO.: 05-C-0882
JUDGE JOHN L. CUMMINGS

ORDER APPROVING SETTLEMENT OF CLAIMS OF MINOR
FOR PERSONAL INJURIES UPON PETITION FILED
PURSUANT TO SECTION 14, ARTICLE 10, CHAPTER 44,
OFFICIAL CODE OF WEST VIRGINIA, AS AMENDED

This day came petitioner Sarah N. McGuffin, as next friend and natural mother of Wesley McGuffin, a minor of extremely limited intellectual and physical functioning, in person, and came also National Union Fire Insurance Company of Pittsburgh, PA, ("National Union"), on behalf of itself and the Board of Education of the County of Cabell, by Andrew P. Ballard, their attorney, and thereupon said petitioner, as aforesaid, presented to the Court her Petition asking for permission to settle the claims of her ward, Wesley McGuffin, against the Board of Education of the County of Cabell, for the injuries and damages allegedly sustained by her said ward, as are fully set forth in said Petition, having been inspected by the Court and found to be sufficient, was ORDERED to be, and the same is hereby, filed herein.

Thereupon, came Paul E. Biser, as Guardian ad litem of the minor and the Guardian ad litem appeared in Court and tendered an Answer, as required by the above-referenced section of the Code of West Virginia, and said Answer, being inspected by the Court and found to be sufficient, was ORDERED to be, and the same is hereby, filed herein.

Thereupon this matter came on to be heard, upon the Petition, Answer of the Guardian ad litem as aforesaid, evidence presented to the Court with respect to the matters set forth in said Petition, and upon statements of the petitioner, and the denial of the allegations by National Union, on behalf of itself and the Board of Education of the County of Cabell, it appearing to the Court that National Union, on behalf of itself and the Board of Education of the County of Cabell, has offered to pay to petitioner, as aforesaid, in full and final settlement of her claims and the claims of her ward, Wesley McGuffin, for the injuries and damages allegedly sustained by them, all as is more fully set forth in said Petition, the total sum of Ten Thousand Dollars ($10,000.00) to Wesley McGuffin, in full and final settlement of all claims of the petitioner's ward, and it further appearing from the circumstances under which said incident occurred, the nature of the injuries allegedly sustained by the minor and his uneventful recovery therefrom, that said offer is fair and reasonable and fully compensates

2

petitioner's ward for the injuries and damages allegedly sustained as a result of the incident described in said Petition and by the witnesses this day heard by the Court, as aforesaid.

IT IS HEREBY ORDERED that the petitioner be, and is hereby granted, the relief prayed for in her Petition and permission is hereby granted to the petitioner to accept the sum of Ten Thousand Dollars ($10,000.00), from National Union, on behalf of itself and the Board of Education of the County of Cabell, in full and final settlement of all claims against National Union and the Board of Education of the County of Cabell, their agents, employees and all of them, arising as a result of the incident which is the subject of this proceeding, and upon payment of said sum, the petitioner is authorized and directed to execute and deliver to National Union and the Board of Education of the County of Cabell, a full and complete release, releasing National Union and the Board of Education of the County of Cabell, their agents, employees and all of them, from any and all claims arising out of the incident which is the subject of this proceeding.

Thereupon, National Union, on behalf of itself and the Board of Education of the County of Cabell, by Andrew P. Ballard, their attorney, then and there in open Court, paid to petitioner, as the next friend and natural mother of Wesley McGuffin, a minor of extremely limited intellectual and physical

3

functioning, the sum of Ten Thousand Dollars ($10,000.00), in full and final settlement of all individual claims of said petitioner and her said ward, Wesley McGuffin, against National Union and the Board of Education of the County of Cabell, their agents, employees and all of them, because of injuries and damages allegedly sustained by them as a result of the incident herein above mentioned, all as is more fully set forth in the Petition heretofore filed herein, and said petitioner then and there executed and delivered to National Union and the Board of Education of the County of Cabell, a release, releasing National Union and the Board of Education of the County of Cabell, their agents, employees and all of them, from any and all liability to said petitioner and her ward, as aforesaid, all as is provided in the Code of West Virginia.

Petitioner further represented to the Court that, as a result of medical treatment provided to her ward for injuries sustained by her ward, petitioner incurred the following medical expenses: a charge by Cabell Huntington Hospital in the amount of One Thousand Seven Hundred Forty-One Dollars and Seventy Cents ($1,741.70), for services rendered to petitioner's ward on April 14, 2005, and May 17, 2005; a charge by Radiology, Inc., in the amount of Three Hundred Seven Dollars ($307.00), for services rendered to petitioner's ward on April 14, 2005, and May 17, 2005; a charge by Scott Orthopedic Group in the amount

4

of One Hundred Nine Dollars ($109.00), for services rendered to petitioner's ward on May 16, 2005; and a charge by Cabell County EMS in the amount of Two Hundred Six Dollars ($206.00) for services rendered to petitioner's ward on April 14, 2005, all of which result in total medical expenses of Two Thousand Two Hundred Sixty-Three Dollars and Seventy Cents ($2,363.70).

The petitioner and Guardian *ad litem* announced unto the Court that to the best of their knowledge, the above-referenced medical charges incurred by the petitioner have been satisfied by the petitioner's private health insurance carrier, Mountain State Blue Cross & Blue Shield, save for the charge by Cabell County EMS in the amount of Two Hundred Six Dollars ($206.00). Further, the Guardian *ad litem* showed unto the Court that the Circuit Court of Ohio County, West Virginia, previously ruled in *Jenna Namack v. the Board of Education of the County of Ohio, et al.*, Civil Action Number 04-C445, that county boards of education are political subdivisions of the State of West Virginia and therefore, any claims for subrogation against the petitioner made by her private health insurance carrier relating to the medical bills incurred as a result of the incident, which is the subject of this proceeding, and satisfied by said private health insurance carrier, are barred and prohibited by W. Va. Code § 29-12A-13(c), and *Foster v. City of Keyser*, 202 W.Va. 1, 501 S.E.2d 165 (1997).

5

Therefore, IT IS HEREBY ORDERED that the medical bills incurred by petitioner as a result of the incident which is the subject of this proceeding, and satisfied by petitioner's private health insurance carrier, Mountain State Blue Cross & Blue Shield are deemed satisfied, and Mountain State Blue Cross & Blue Shield is BARRED and PROHIBITED from seeking reimbursement for its satisfaction of said medical bills from petitioner, National Union and/or the Board of Education of the County of Cabell, under the authority of W. Va. Code § 29-12A-13(c), and *Foster v. City of Keyser*, 202 W.Va. 1, 501 S.E.2d 165 (1997).

Further, IT IS HEREBY ORDERED that the Guardian ad litem shall retain an amount of Two Hundred Six Dollars ($206.00) from the Ten Thousand Dollars ($10,000.00) in settlement proceeds paid this day to petitioner, to be held in the Guardian *ad litem's* trust account for a period of sixty (60) from entry of this Order. At the expiration of sixty (60) days, the Guardian *ad litem* shall apply the amount of Two Hundred Six Dollars ($206.00) held in trust toward the satisfaction of the outstanding charge by Cabell County EMS for the services rendered to petitioner's ward on April 14, 2005. Should petitioner's private health insurance carrier, Mountain State Blue Cross & Blue Shield, satisfy the outstanding charge of Two Hundred Six Dollars ($206.00) owed to Cabell County EMS, within

6

sixty (60) days from the entry of this Order, the Guardian *ad litem* shall remove the amount Ordered to be placed in trust, and shall immediately deposit the Two Hundred Six Dollars ($206.00) into the interest bearing account or certificate of deposit maintaining the remainder of the settlement proceeds paid this day to petitioner, as prescribed below.

The Court finds that after placing an amount of Two Hundred Six Dollars ($206.00) in trust, that a balance of Nine Thousand Seven Hundred Ninety-Four Dollars ($9,794.00) is the net settlement amount remaining for Wesley McGuffin, a minor of extremely limited intellectual and physical functioning, whose birth date is March 13, 1992, and is a resident of Cabell County, West Virginia, and ORDERS that the petitioner shall promptly deposit her ward's Nine Thousand Seven Hundred Ninety-Four Dollars ($9,794.00) net settlement amount with a regulated financial institution with a principal place of business in West Virginia, in an interest bearing account or certificate of deposit that is fully insured by Federal Deposit Insurance.

The individual settlement trust proceeds, being less than $25,000.00 for the minor, the Court, pursuant to its authority under § 44-10-14(g)(4), waives the requirement that petitioner post bond to secure the individual settlement trust proceeds, and any reference to a fiduciary commissioner, and does, further ORDER that Nine Thousand Seven Hundred Ninety-Four

7

Dollars ($9,794.00) be delivered to a regulated financial institution with its principal place of business in West Virginia, that is fully insured by Federal Deposit Insurance, and placed into an interest bearing account or certificate of deposit, in the name of "Sarah N. McGuffin, as legal guardian of Wesley McGuffin under *In re the matter of Sarah N. McGuffin, as parent and next friend of Wesley McGuffin, a minor*, bearing Civil Action Number 05-C-0882 in the Circuit Court of Cabell County, West Virginia." The individual settlement trust proceeds shall remain in said interest bearing account or certificate of deposit until Wesley McGuffin attains the age of majority, to be paid by the respective financial institution only to "Sarah N. McGuffin, as legal guardian of Wesley McGuffin under *In re the matter of Sarah N. McGuffin, as parent and next friend of Wesley McGuffin, a minor*, bearing Civil Action Number 05-C-0882 in the Circuit Court of Cabell County, West Virginia," and only after the minor attains the age of majority, or at a date prior to the minor's attainment of majority, so long as the request to withdraw funds is approved by this Court and an Order is entered authorizing the said withdrawal of funds, which said Order must be presented to the financial institution, at the time of withdrawal.

The Court does further ORDER that Paul E. Biser, Guardian *ad litem* of said minor, is directed to file a receipt,

8

or other evidence of the deposit of the net settlement proceeds, with the Clerk of the Circuit Court of Cabell County, West Virginia, within twenty (20) days after the entry of this Order.

IT IS FURTHER ORDERED that Paul E. Biser, Guardian ad litem heretofore appointed in this proceeding, be allowed a fee in the amount of Eight Hundred Dollars ($800.00), which fee is to be charged to, and satisfied by, National Union, on behalf of itself and Board of Education of the County of Cabell. The Court now certifies that throughout the proceeding had herein, said Paul E. Biser was present, in person, representing the interests of said minor.

IT IS FURTHER ORDERED that this action be, and the same is hereby, fully dismissed, as compromised, agreed and settled, with prejudice. It is FURTHER ORDERED that each of the parties shall bear their own costs of this action, save for the fee for the Court-appointed Guardian ad litem, which is to be paid by National Union, on behalf of itself and the Board of Education of the County of Cabell. The Clerk is directed to retire this matter from its docket as fully and finally resolved.

The Clerk is hereby directed to send copies of this Order to: Sarah N. McGuffin, 516 Jefferson Avenue, Huntington, West Virginia 25701, Petitioner, pro se; Andrew P. Ballard, Esquire, 517 Ninth Street, Suite 1000, Post Office Box 1835,

9

Huntington, West Virginia 25719-1835, counsel for National Union and the Board of Education of the County of Cabell; and Paul E. Biser, Fredeking & Fredeking Law Offices, LC, 511 Eighth Street Huntington, WV 25701, Guardian ad litem for Wesley McGuffin, a minor.

ENTERED this _____ day of December, 2005.

Honorable John L. Cummings, Judge
Circuit Court of Cabell County, WV

PREPARED BY:

Andrew P. Ballard
W. Va. State Bar I.D. 9328

Campbell, Woods, Bagley,
Emerson, McNeer & Herndon, P.L.L.C.
517 Ninth Street, Suite 1000
Post Office Box 1835
Huntington, West Virginia  25719-1835
(304) 529-2391
Of Counsel for The Board of Education
of the County of Cabell

10

APPROVED FOR ENTRY:


Sarah N. McGuffin

516 Jefferson Avenue
Huntington, West Virginia 25701
Petitioner, pro se


Paul E. Biser
W. Va. State Bar I.D. 7319

Fredeking & Fredeking
511 Eight Street
Huntington, West Virginia 25701
Guardian ad litem of Wesley McGuffin, a minor

11



IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

PETE MOMCILOVICH and MARY
MOMCILOVICH,

Plaintiffs,

vs.

HANCOCK COUNTY BOARD OF
EDUCATION,

Defendant.

Entered In Civil Order Book
No. 70    Page 273
Brenda B. Garland
Clerk of said Court

CIVIL ACTION NO. 04-C-220R

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

On a previous day came the defendant, Hancock County Board of Education, by and through its counsel, Mark A. Kepple and the law firm of Bailey & Wyant, P.L.L.C., and Ronald Wm. Kasserman and the law firm of Seibert & Kasserman for a hearing on the defendant's Motion for Partial Summary Judgment. Upon review of the briefs submitted by the parties and upon oral argument the Court makes the following Findings of Fact and Conclusions of Law:

Findings of Fact:

1. On or about September 6, 2002, Pete Momcilovich alleged that he fell on a slick covered pathway leaving a football game at the Jimmy Carey stadium in Weirton, Hancock County, West Virginia.

2. The Hancock County Board of Education owns the Jimmy Carey stadium.

3. Mr. Momcilovich is a 77 year old man with bilateral prosthetic knees. He alleges that as a result of the fall he sustained a supracondylar femur fracture above the knee replacement. It is undisputed that this injury occurred at the Jimmy Carey stadium and that Mr. Momcilovich required medical attention as a direct result. Mr. Momcilovich

underwent reduction to repair the fracture, subsequent procedures, and is continuing treatment he claims is related to the subject incident.

4.     This Court finds that Mr. Momcilovich's medical expenses in the total amount of approximately $26,625.55 have been paid after discount by a first party insurer.

5.     This Court finds that the Hancock County Board of Education is a political subdivision.

Conclusions of Law:

1.     The standard for Summary Judgment is as follows:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Marcus v. Holley, - - - W.Va. - - -, - - - S.E.2d - - -, 2005 WL 1125020 (2005) Syl. Pt. 3, Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York, 148 W.Va. 160, 133 S.E.2d 770 (1963). See also: W.V.R.C.P. Rule 56(c).

Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove. Id. at Syl. Pt. 3 citing: Syl. Pt. 4, Painter v. Peavy, 192 W.Va. 189, 451 S.E.2d 755 (1994).

2     The plaintiff has the burden to prove that he suffered recoverable damages against this defendant. See generally: Pasquale v. Ohio Power Co., 187 W.Va. 292, 418 S.E.2d 738 (1992).

3.     No claim for subrogation may be presented against a political subdivision. W. Va. Code § 29-12A-13 (c) provides in pertinent part that, "all actions filed in the name of the real party or parties in interest and in no event may any claim be presented or recovery be had under the right of subrogation."

4.     West Virginia Code § 29-12A-13 (c) bars a direct claim against and recovery from a political subdivision by a party claiming under a right of subrogation to the claim of another party against the subdivisions; and also requires that there be an offset of any recovery by an injured plaintiff from a political subdivision in the amount of

2

first-party insurance proceeds received by the plaintiff as compensation for their injuries or their damages. Foster v. City of Keyser, 202 W.Va. 1, 22, 501 S.E.2d 165, 186 (1997).

5. The Hancock County Board of Education is a political Subdivision. W.Va. Code § 29-12A-3(c) includes a County Board of Education as a political subdivision.

6. Not only are direct claims by a party claiming under the right of subrogation barred, but also a plaintiff's claim that has already been paid by a first party insurer, is offset from any recovery. Foster, supra. Plaintiff may request the medical bills be placed in evidence and provided for in the verdict form, however, no actual recovery for them shall be had due to the required offset.

7. "....[t]he clear and sole purpose of the statue [W.Va Code § 29-12A-3(c)] is to provide financial benefit to political subdivisions." Id. See: Footnote 18 at pp. 22, 186.

8. In this matter, there is undisputed evidence that plaintiff's medical damages have been paid by a first party insurer. The subrogation immunity and case law interpreting the same provides that there will never be any recovery against a political subdivision for damages that are the subject of a claim of right of subrogation. Thus, the same are not damages recoverable in this Civil Action against this defendant and therefore Mr. Momcilovich cannot sustain his burden to prove an entitlement to damages paid by his insurer against this defendant and summary judgment must be rendered.

9. As there is no question of material fact regarding the payment of the medical expenses and that the Hancock County Board of Education is a political subdivision, there can be no recovery for damages paid by a first party insurer, this claim, must be DISMISSED as a matter of law.

ORDER:

3

Having made the foregoing findings of fact and conclusions of law, this Court here GRANTS partial Summary Judgment in the favor of the defendant, Hancock County Board of Education, on the issue of plaintiff's claims for economic damages for the medical bills in the amount of $26,625.55, paid by his insurer. This claim is hereby DISMISSED, with prejudice. The matter is to stay on the Court's docket for disposition of the remaining claims. The Clerk is directed to send attested copies of this Order to Counsel of record.

Entered this 3rd day of June, 2005

_____
Honorable Arthur M. Recht

SEEN AND APPROVED BY:

A TRUE COPY

Attests

_____
Mark A. Kepple, Esq.
W.Va. Bar ID # 7470
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
(304) 233-3100
(304) 233-0201

_____
Brenda L. Jackson
Clerk, Circuit Court, Hancock County

_____
Deputy

_____
Ronald Wm. Kasserman, Esq.
W.Va. Bar Id# 1958
Seibert & Kasserman, L.C.
1217 Chapline Street
PO Box 311
Wheeling, West Virginia 26003

4

IN THE CIRCUIT COURT OF BROOKE COUNTY, WEST VIRGINIA

VITA MARIE RICE,

        Plaintiff,

vs.

                               CIVIL ACTION NO. 04-C-101

WEIRTON TRANSIT CORP.
and DAVID R. CYPHERS and
JULIE A. CYPHERS and
JOHN DOES NO.1 THROUGH 5,

        Defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

On a previous day came the defendant, Weirton Transit Corporation, by and through its counsel, Mark A. Kepple and the law firm of Bailey & Wyant, P.L.L.C., and Dean Makricostas and the law firm of Dittmar, Taylor & Makricostas and the defendant Julie A. Cyphers, by counsel, Amy Shafer, Esq., for a hearing on the defendant's Motion for Partial Summary Judgment. Upon review of the briefs submitted by the parties and upon oral argument the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact:

1. On or about December 17, 2002, Vita Marie Rice fell on a bus owned and operated by the Weirton Transit Corporation.

2. Ms. Rice sustained a fractured shoulder which necessitated 3 (three) surgeries and other emergent care. It is undisputed that this injury occurred and that Ms. Rice required medical attention as a direct result. Ms. Rice underwent reduction to repair the fracture, and subsequent procedures.

3. This Court finds that Ms. Rice's medical expenses in the total amount of approximately $38,489.75 have been paid after discount by a first party insurer.

4. This Court finds that the Weirton Transit Corporation is a political subdivision for the purposes of W. Va. Code § 29-12A-13(c).

Conclusions of Law:

1.    The standard for Summary Judgment is as follows:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Marcus v. Holley, 217 W.Va. 508, 618 S.E. 2d 517 (2005) - - - W.Va. - - -, - - - S.E.2d - - -, Syl. Pt. 3, Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York, 148 W.Va. 160, 133 S.E.2d 770 (1963). See also: W.V.R.C.P. Rule 56(c).

Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove. Id. at Syl. Pt. 3 citing: Syl. Pt. 4, Painter v. Peavy, 192 W.Va. 189, 451 S.E.2d 755 (1994).

2    The plaintiff has the burden to prove that she suffered recoverable damages against this defendant. *See generally:* Pasquale v. Ohio Power Co., 187 W.Va. 292, 418 S.E.2d 738 (1992).

3.    No claim for subrogation may be presented against a political subdivision. W. Va. Code § 29-12A-13(c) provides in pertinent part that, "all actions filed in the name of the real party or parties in interest and in no event may any claim be presented or recovery be had under the right of subrogation."

4.    West Virginia Code § 29-12A-13 (c) bars a direct claim against and recovery from a political subdivision by a party claiming under a right of subrogation to the claim of another party against the subdivisions; and also requires that there be an offset of any recovery by an injured plaintiff from a political subdivision in the amount of first-party insurance proceeds received by the plaintiff as compensation for their injuries or their damages. Foster v. City of Keyser, 202 W.Va. 1, 22, 501 S.E.2d 165, 186 (1997).

5.    The Weirton Transit Corporation is entitled to the benefit of W.Va. Code § 29-12A-13(c).

6.    Not only are direct claims by a party claiming under the right of subrogation barred, but also a plaintiff's claim that has already been paid by a first party insurer, is offset

2

from any recovery. Foster, *supra*. Plaintiff may request the medical bills be placed in evidence and provided for in the verdict form, however, no actual recovery for them shall be had due to the required offset.

7.    "....[t]he clear and sole purpose of the statue [W.Va Code § 29-12A-3(e)] is to provide financial benefit to political subdivisions." *Id. See:* Footnote 18 at pp. 22, 186.

8.    In this matter, there is undisputed evidence that some of the plaintiff's medical damages have been paid by a first party insurer. The subrogation immunity and case law interpreting the same provides that there will never be any recovery against a political subdivision for damages that are the subject of a claim of right of subrogation. Thus, the same are not damages recoverable in this Civil Action against this defendant and therefore Mrs. Rice cannot sustain her burden to prove an entitlement to damages paid by her insurer against this defendant and summary judgment must be rendered.

9.    As there is no question of material fact regarding the payment of the medical expenses and West Virginia Code § 29-12A-13(c) applies to the Weirton Transit Corporation, there can be no recovery for damages paid by a first party insurer, this claim, must be DISMISSED as a matter of law.

ORDERED:

Having made the foregoing findings of fact and conclusions of law, this Court hereby GRANTS partial Summary Judgment in the favor of the defendant, Weirton Transit Corporation, on the issue of plaintiff's claims for economic damages for the medical bills in the amount of $38,489.75, paid by her insurer. This claim is hereby DISMISSED, with prejudice. Any medical lien for said amounts are hereby DISCHARGED. The matter is to stay on the Court's docket for disposition of the remaining claims. The Clerk is directed to send attested copies of this Order to Counsel of record.

3

Entered this 13 day of October, 2006.

_____
Honorable Arthur M. Recht.

Seen and Approved By:

_____
Mark A. Kepple, Esq.
W.Va. Bar ID # 7470
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV   26003
(304) 233-3100
(304) 233-0201

_____
Dean Makricostas
W.Va. Bar ID#7339
320 Penco Road
PO Box 2827
Weirton, WV 26062

_____
Amy Shafer, Esq.
Nationwide Trial Division
W.Va. Bar ID# 7344
1144 Market Street, Suit 300
Wheeling, West Virginia 26003

I hereby certify that the annexed
instrument is a true and correct
copy of the original on file in my
office.
Attest Glenda Brooks
Clerk, Circuit Court
Brooke County, West Virginia

4

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

TRAVIS AMORESE, by his parent
and natural guardian John Amorese,
JOHN AMORESE, individually, and
JAYNE AMORESE,

Plaintiffs,

vs.                                                    Civil Action No.: 98C-341-2

THE BOARD OF EDUCATION
OF BARBOUR COUNTY, a corporation,

Defendant.

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE

Presently pending before the Court is defendant's MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM INTRODUCING INTO EVIDENCE OR RECOVERING MEDICAL EXPENSES FOR WHICH THEY HAVE BEEN COMPENSATED (hereinafter MOTION IN LIMINE) filed by counsel, Janis White and James Wilson, on September 8, 1999. The plaintiff filed PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE CONCERNING MEDICAL EXPENSES INCURRED BY THE PLAINTIFF (hereinafter PLAINTIFF'S MEMORANDUM) on September 17, 1999. On September 29, 1999, the defendant filed a RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE CONCERNING MEDICAL EXPENSES INCURRED BY THE PLAINTIFF (hereinafter RESPONSE). Defendant's MOTION IN LIMINE requests that the Court exclude evidence of damages and prevent the plaintiff from recovering damages for medical expenses incurred by the plaintiff, but paid by the State of West

1

Virginia through the Medicaid program. After considering the defendant's MOTION IN LIMINE, PLAINTIFF'S MEMORANDUM, defendant's RESPONSE, conducting a thorough review of the record herein, and reviewing pertinent legal authority, the Court has concluded that defendant's MOTION IN LIMINE should be granted.

The Court first notes that the following facts are not in dispute. Travis Amorese, a Medicaid recipient, suffered from a possible fracture and/or osteomyelitis in his left ankle. The plaintiff incurred approximately $ 141,000.00 in medical expenses, and Medicaid paid approximately $ 45,000.00, in satisfaction of the claims.

Next, the Court notes that "rulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion." State v. Farmer, 406 S.E.2d 788 (1995).

Further, the Court notes that Medicaid cannot proceed against the defendant, the Barbour County Board of Education, in a subrogation action for the amount it actually paid for the plaintiff's medical expenses. First, the Barbour County Board of Education, is a political subdivision. W.Va. Code § 29-12A-3. Second, W.Va. Code § 29-12A-13(c) prohibits subrogation actions against a political subdivision. Therefore, Medicaid is not entitled to be reimbursed by the defendant for the amount it actually expended.

Finally, the Court notes the plaintiffs have no personal liability for the amount of medical expenses exceeding that paid by Medicaid, approximately $ 96,000.00. West Virginia Code Section 16-29D-4(a)(2) requires that the health care provider accept as payment in full the amount specified by the Medicaid plan. Also, the code section prohibits the health care provider from billing the beneficiary of Medicaid for any amounts exceeding the Medicaid plan payment

2

except for deductibles or co-payments. Next, the code section establishes that the beneficiary is not personally liable for any amount exceeding the Medicaid plan payment. W.Va. Code § 16-29D-4(a)(2). Because the plaintiffs are not liable for medical expenses in excess of the amount compensated by Medicaid, this evidence is not relevant to compensatory damages, and therefore, should be excluded.

For the reasons set forth in the foregoing opinion, the Court ORDERS that the defendant's MOTION IN LIMINE is GRANTED and that the evidence of medical expenses in excess of the amount compensated by Medicaid shall not be admissible at trial.    The Court also ORDERS that the plaintiff shall not be permitted to recover damages for which they are not personally liable. The Court further ORDERS that nothing in this Order shall be construed to prevent the plaintiffs from recovering either co-payments or deductibles.

Finally, the Court ORDERS that the clerk shall provide a certified copy of this Order to the following:

Mark A. Colantoni, Esq.
Frankovitch & Anetakis
337 Penco Road
Weirton, WV 26062

Janis P. White, Esq.
James M. Wilson, Esq.
Steptoe & Johnson
Bank One Center
P.O. Box 2190
Clarksburg, WV 26302-2190

ENTER: _October 25, 1999_

_Thomas A. Bedell_
Thomas A. Bedell, Circuit Court Judge

3

STATE OF WEST VIRGINIA
COUNTY OF HARRISON, TO-WIT:

I, Donald L. Kopp II, Clerk of the Fifteenth Judicial Circuit of Harrison County, West Virginia, hereby certify the foregoing to be a true copy of the ORDER entered in the above styled action on the 25 day of Oct , 19 99

IN TESIMONY WHEREOF, I hereunto set my hand and affix the Seal of the Court this 25 day of Oct , 19 9.9

Donald R Kopp II

Cirucit Clerk
Fifteenth Judicial Circuit
Harrison County, West Virginia

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

EDWARD LEE SAWYERS

      Plaintiff,

v.                       Civil Action No: 12-C-727-B

NORTH BECKLEY PUBLIC
SERVICE DISTRICT, a public
corporation established by the
Raleigh County Commission,

      Defendant.

## PRETRIAL ORDER

The final pretrial conference in this action was conducted on June 14, 2017, upon the following appearances:

**Paul Clay, Esq.**, counsel for Plaintiff
**Lee Murray Hall, Esq.**, and **Jason Bowles, Esq.**, counsel for defendant

## STIPULATIONS

1. On September 2, 2010, plaintiff was operating a motor vehicle on State Route 41, locally known as Stanaford Road, traveling south toward Beckley, in Raleigh County.

2. At that time and place, defendant's employee, Roger Ballard, was operating a motor vehicle entering State Route 41 from New Caledonia Street.

3. The intersection of New Caledonia Street and State Route 41 is in a curve on Route 41 that obscures visibility of drivers on Route 41 and vehicles entering from New Caledonia Street.

4. When Plaintiff came around the curve on Route 41, he observed the defendant's vehicle at the intersection with New Caledonia Street. Plaintiff moved to the left lane at which point his vehicle collided with a vehicle operated by Carol Vanderhoof coming in the opposite direction on Route 41.

*Sawyers v. North Beckley PSD*
*Civil Action No. 12-C-727-B*
*Pretrial Order entered June 16, 2017*                           *Page 2 of 4*

## ISSUES OF FACT

1. Plaintiff claims the defendant, acting through its employee, was negligent in the operation of defendant's vehicle and that the negligence was a proximate contributing cause of the accident and the injuries and damages claimed by plaintiff:

    a. Plaintiff claims that defendant's driver did not keep a sufficient lookout as he entered Route 41 from New Caledonia Street.

2. Defendant claims that the plaintiff was negligent in the operation of his vehicle and the negligence was a proximate contribution cause of the accident and the injuries and damages claimed by plaintiff.

    a. Defendant claims that plaintiff was operating his vehicle at an excessive speed while negotiating the curve and approaching the intersection.

3. Plaintiff claims the following damages:

    a. Medical expenses paid by third party insurers and public agencies.

        i. As noted below, a motion in limine was granted over plaintiff's objection as to evidence of medical expenses paid by third party insurers and public agencies. Upon that ruling, Plaintiff will not present evidence of medical expenses paid directly by him.

    b. Intangible damages for pain, suffering, and inconvenience.

## LEGAL ISSUES

1. Plaintiff withdrew the request for a jury view.

2. Plaintiff did not oppose defendant's general motions in limine, subject to the following comments:

    a. The motion to sequester witnesses (motion ¶8) was granted with the provision that the corporate defendant may designate a person to sit at counsel table as the representative of the defendant.
    b. The motion for a special interrogatory (motion ¶ 9) to ask the jury to state its findings as to special damages was not resisted because the plaintiff's

*Sawyers v. North Beckley PSD*
*Civil Action No. 12-C-727-B*
*Pretrial Order entered June 16, 2017*                                    *Page 3 of 4*

counsel announced that evidence of special damages paid or incurred by plaintiff would not be offered.

3. Defendant's motion in limine to exclude plaintiff's opinion as to the use of the public roadway was not resisted.

4. Defendant's motion in limine to exclude evidence of injury to the damages to the right knee was not resisted.

5. Defendant's motion to exclude evidence of plaintiff's medical expenses that were previously paid by insurance carriers and public agencies was granted over plaintiff's objection. This issue is governed by *W.Va. Code* § 29-12A-13(c) and in part by *Foster v. City of Keyser*, 202 W.Va. 1, 501 S.E.2d 165 (1991).

*Foster* requires that a plaintiff's recovery against a political subdivision must be reduced by the amount of any first-party insurance proceeds. Plaintiff's written response confirmed that "a significant portion of his medical expenses were paid by first party insurance carriers, including Medicare and United Healthcare...," and conceded by implication that all such payments are within *W.Va. Code* § 29-12A-13(c) and the *Foster* rule. Plaintiff's counsel also confirmed that plaintiff will not offer evidence that any medical expenses were paid directly by him. Under these circumstances a *Foster*-type offset would completely eradicate any recoverable claim for medical expenses.

Plaintiff argued that evidence of the amount of such paid medical expenses should be admitted as evidence of pain and suffering. The court rejected that argument on application of Rules 401, 402, and 403, *West Virginia Rules of Evidence*. It is the court's view, as more fully stated during the hearing, that the probative value of the medical expenses on the issue of pain and suffering is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Upon those considerations, the court found Rule 401 relevance and presumptive admissibility under Rule 402, but found the evidence inadmissible upon consideration of the balancing factors in Rule 403.

The court declined to give a limiting instruction. Limiting instructions are used when an item of evidence is admissible for one purpose but not for another. A limiting instruction has no function when the evidence is not admissible for any purpose.

Jun. 16. 2017 10:28AM   No. 3301   P. 5/5

*Sawyers v. North Beckley PSD*
*Civil Action No. 12-C-727-B*
*Pretrial Order entered June 16, 2017*                    *Page 4 of 4*

## WITNESSES AND EXHIBITS

1. Each party may offer the witnesses and exhibits identified in the pretrial memorandum filed by either party, plus the witnesses and exhibits identified in a response to a specific discovery request for identification of trial witnesses and exhibits.

2. Plaintiff attached copies of photographs to his pretrial memorandum. Defendant stipulated to the admission of those photographs.

## TRIAL

1. This action will be tried by jury beginning **June 19, 2017**, and continuing on each consecutive judicial day thereafter until completed, unless interrupted for good cause. It is noted that June 20, 2017, is a state holiday and is not a judicial day.

2. Pursuant to Trial Court Rule 23.02 the Court will conduct voir dire of the panel of prospective jurors upon written questions submitted by counsel to the Court. For good cause and in the interests of justice, counsel will be permitted the opportunity to conduct individual voir dire out of the presence of the jury panel.

3. Counsel will exchange and tender to the court their proposed jury instructions at the beginning of the first day of trial. In addition to a paper copy, counsel will provide a copy of the instructions in electronic form in Microsoft Word or a compatible program to facilitate the preparation of a written charge for the jury to use during deliberations. The instructions on the paper copies must be consistent with the electronic submissions and must be numbered in the sequence in which they are offered.

**ENTER: June 16, 2017**

**ROBERT A. BURNSIDE, JR.**
**CIRCUIT JUDGE**

*I hereby certify that this foregoing Pretrial Order was faxed and mailed to counsel of record listed above on the 16th day of June, 2017.*

Judicial Assistant to Judge Burnside