IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LESLIE P. STEWART,

      Plaintiff,

v.                                                                Civil Action No. 3:21-cv-00274

CITY OF HUNTINGTON,

      Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF HUNTINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant City of Huntington's ("the City"), by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully requests that this Court enter an Order granting summary judgment in its favor as to Plaintiff's claims for medical expenses, except to the extent paid by the plaintiff.

It is undisputed that Plaintiff has received first-party insurance benefits which are not recoverable against a political subdivision. The West Virginia Governmental Tort Claims and Insurance Reform Act requires that actions be brought by the real party in interest. A plaintiff may only recover to the extent that the bills have been paid by the plaintiff herself or remain outstanding. Under W.Va. Code §29-12A-13(c) and relevant case law, Plaintiff's recovery must be reduced to the extent that Ms. Stewart has received first-party insurance benefits for her injuries from the May 4, 2019 incident. All of plaintiff's medical bills have been paid by a first party insurer, or reduced by the provider due to a contractual arrangement with the insurer. Thus, plaintiff has not paid for any of her medical expenses and may not assert a claim for such expenses under West Virginia substantive law.

1

## FACTUAL BACKGROUND

Plaintiff Leslie Stewart stepped into an open utility box on May 4, 2019 on Fourth Avenue in Huntington, West Virginia on May 4, 2018 after celebrating the Kentucky Derby at a local pub.  Ms. Stewart brought a premises liability action against the City of Huntington under theories of negligence and nuisance, for injuries to her foot and knee.  She claims damages for past and future medical bills; past and future mental pain and suffering; past and future physical pain and suffering; past and future lost wages; permanent scarring; loss of enjoyment of life; attorney fees; and such other damages as may have been incurred by Plaintiff.  [Doc. 1 at ¶ 15].

Though Plaintiff has not supplemented discovery responses regarding her medical expenses, the City has obtained[1] her medical bills, which total $140,146.72.  *See* Exhibit 1; Affidavit of Stephen M. Ferguson and its attached Exhibit A.   All of Ms. Stewart's medical bills have been paid by WellCare, Ms. Stewart's first party health insurer.  See Exhibit 2, Notice of Subrogation.  Equian has asserted a subrogation lien for the $19,028.33 paid by Wellcare. *See* Exhibit 2.  Ms. Stewart testified that she is a beneficiary of Kentucky Medicaid Insurance Plan, which is administered by Wellcare.  A review of the medical bills and the testimony of Ms. Stewart confirm that Wellcare has satisfied all of her medical bills:

> Q. Do you have medical insurance or did you have medical insurance in 2019?
> A. Yes.
> Q. Through whom?
> A. State of Kentucky.
> Q. And did they – did the state of Kentucky pay the medical bills that you incurred from Kings Daughter's and your other providers?
> A. Yes.
> Q. Have you paid any of that out of pocket?
> A. No.

---

[1] The City has obtained the medical bills using authorizations provided by Leslie Stewart.

*See* Exhibit 3, Stewart Dep. P. 102:2-12.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper if "the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, the availability of summary judgment turns on whether a proper jury question exists in a pending case, and summary judgment is properly granted where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *Anderson*, 477 U.S. at 248-49.

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. Fed. R. Civ. P. 56(e)(2).

**ARGUMENT**

**I.**      **The City Is Entitled To Summary Judgment Because There Is No Genuine Dispute Of Material Fact That The Medical Expenses Incurred By Plaintiff As A Result Of Her Injury Have Been Satisfied By First-Party Insurers.**

West Virginia Code §29-12A-13(c) requires the real party or parties in interest to file an action against a political subdivision. This provision bars claims filed or recovery made under a right of subrogation. The stated goal of the statute is to "relieve a political subdivision from paying for damages to the extent that the injured party has been compensated by the party's insurance." In other words, Ms. Stewart may only recover to the extent that the bills have been paid by the plaintiff herself or remain outstanding.

The West Virginia Supreme Court explored the implications of §29-12A-13(c) in *Foster v. City of Keyser*, 501 S.E.2d 165 (W.Va. 1997). *Keyser* arose from a leak in a pipeline owned by Mountaineer Gas. *Id*. at 169. Natural gas escaped from the failed pipeline and flowed through a sewer line into the plaintiff's home. *Id*. The gas ignited and exploded, and the plaintiffs subsequently filed suit against Mountaineer Gas Company, the City of Keyser, and the excavating company that performed repairs on the line, alleging damages for injuries and property loss. *Id*. All the plaintiffs received some compensation from their insurance carriers prior to filing their lawsuit. *Id*.

The Supreme Court held that "a plaintiff's recovery against a political subdivision must be reduced by the amount of any first-party insurance proceeds that the plaintiff receives for the same injuries and damages for which a claim is made against the subdivision." *Id*. at 186. The Court concluded that this interpretation "is consistent with the overall statutory purpose of the Governmental Tort Claims and Insurance Reform Act, by relieving a political subdivision from paying for damages to the extent that the injured party has been compensated by the party's

insurance." *Id*. Furthermore, "the clear and sole purpose of the statute is to provide financial benefit to political subdivisions." *Id*. Therefore, there must be "an offset of any recovery by an injured plaintiff from a political subdivision in the amount of first-party insurance proceeds received by the plaintiff as compensation for their injuries or damages." *Id*.[2]

More recently, the Circuit Court of Raleigh County had occasion to apply the Court's holding in *Foster* in a June 16, 2017 pretrial order granting defendants Motion *in Limine*. *See Edward Lee Sawyers v. North Beckley Public Service District*, Civil Action No. 12-C-727-B, Circuit Court of Raleigh County attached as Exhibit 4. In *Sawyers*, plaintiff incurred medical expenses as a result of a vehicular collision with an employee of the North Beckley Public Service District. Defendant motioned, *in limine* and pursuant to West Virginia Code §29-12A-13(c), to exclude evidence of plaintiff's medical expenses that were previously paid by insurance carriers. In response, plaintiff argued that the amount of medical expenses paid should be admitted as evidence of pain and suffering. In finding the plaintiff's arguments in response to defendant's motion unavailing, the Court held that "*Foster* requires that a plaintiff's recovery against a political subdivision must be reduced by the amount of any first-party insurance proceeds." *Id*. at page 3.

Plaintiff's medical damages have been paid or satisfied pursuant to agreements with first-party insurers. Plaintiff's medical bills allegedly relating to the subject accident, at least to date, total $140,146.72. According to medical bills obtained through discovery, Plaintiff's insurance carriers have paid or otherwise satisfied her bills. She has been compensated by her insurance, either directly or indirectly, for all of her medical bills. A portion of this compensation is payment

---

[2] Though not mandatory authority, Circuit Courts throughout the State have followed the *Foster* decision. *See e.g.*, *Totten v. City of Charleston*, Civil Action No. 08-C-1828, Circuit Court of Kanawha County; *In re McGuffin*, Civil Action No. 05-C-0882, Circuit Court of Cabell County; *Momcilovich v. Hancock County Board of Education*, Civil Action No. 04-C-220R, Circuit Court of Hancock County; *Rice v. Weirton Transit Corp.*, *et al.*, Civil Action No. 04-C-101, Circuit Court of Brooke County; *Amorese v. Board of Education of Barbour County*, Civil Action No. 98-C-341-2, Circuit Court of Harrison County; *Edward Lee Sawyers v. North Beckley Public Service District*, Civil Action No. 12-C-727-B, Circuit Court of Raleigh County, collectively attached as Exhibit 4.

of the actual bill, whereas a portion of this compensation is a reduction of the bills by the medical provider in exchange for payments received. The goal of West Virginia Code §29-12A-13(c) is to extinguish the City's liability for medical bills that have been satisfied by another entity and render it potentially liable only for the bills that the plaintiff has borne herself. Ms. Stewart's bills have been fully satisfied by her insurer. Therefore, pursuant to the Governmental Tort Claims and Insurance Reform Act, neither Ms. Stewart nor her insurance carriers may recover these sums from the City.

Moreover, allowing Plaintiff to assert a claim against the City for medical bills paid by her insurance carriers would permit double recovery by Plaintiff and therefore, would result in windfall profits. The goal and purpose of the statute is served only by excluding a claim for Ms. Stewart's medical bills to the extent that they have been paid, directly or indirectly, by any first-party insurer. As Plaintiff is not entitled to recovery of damages related to these expenses, either for her or for an insurer, the City should be granted a Motion for Summary Judgment.

## II.    CONCLUSION

West Virginia Code and interpretive case law expressly prevent a Plaintiff from recovering against a political subdivision for medical expenses paid by first-party insurers. All of Ms. Stewart's medical expenses have been satisfied by first-party insurers. Therefore, the City respectfully requests that this court enter an order granting summary judgment in its favor summarily dismissing Plaintiff's damage claims relating to medical expenses paid by first-party insurers.

**CITY OF HUNTINGTON,**

**By Counsel.**

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WVSB #6447)
Stephen M. Ferguson, Esquire (WVSB #14177)
**JENKINS FENSTERMAKER PLLC**
325 8th Street
Huntington, West Virginia 25701
Telephone: (304) 523-2100
Fax: (304) 523-2347
Email: lmh@JenkinsFenstermaker.com
smf@JenkinsFenstermaker.com