**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

LESLIE P. STEWART,

      Plaintiff,

v.                                                                    Civil Action No. 3:21-cv-00274

CITY OF HUNTINGTON,

      Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO**
**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Plaintiff, by counsel, and in response to the Defendant's Motion for Partial Summary Judgment responds as follows:

**STATEMENT OF FACTS**

Defendant attempts impliedly to assert that the Plaintiff Leslie Stewart was in a drunken state leaving a pub on the night at issue. The facts of this case are very clear. Ms. Stewart was walking down the sidewalk owned by the City of Huntington while it was raining. In the middle of the sidewalk, was an open hole about twelve inches square in size and probably about eight to twelve inches deep. Within that hole was debris including items which Plaintiff believe to be shards of a porcelain toilet. Other items that may have been in that hole have not been disclosed to Plaintiff.

Plaintiff testified she had one drink that evening, that she walked down the sidewalk with her date, in the rain, the hole was completely covered in water so it could not be seen. As Plaintiff stepped into the hole, she started to fall, but caught herself from falling completely. When she pulled her foot from the hole, she realized that it was bleeding, and went immediately to the hospital. As a result of this seemingly minor incident, Plaintiff incurred substantial medical bills,

due to infections and perhaps even mistreatment at some of the facilities where she was treated in Kentucky. The bills are in excess of $140,000.00 showing the substantial impact that this fall has had on her and the numerous procedures, and pain and suffering that Plaintiff endured in trying to recover, which she still hasn't to this day.

This leads us to the question at issue. What is Plaintiff entitled to recover as far as medical bills?

## **LEGAL ARGUMENT**

### **A. Defendant City of Huntington is entitled to an offset for payments made by Ms. Stewart's insurance**.

Plaintiff does not dispute the basis of the Defendant's Motion.

However, in Foster v. City of Keyser, 202 W.Va. 1 501 S.E. 2d 165 (1997), at Syl. Pt. 5, the Court clearly stated:

> West Virginia Code § 29-12A-13(c) (1986) bars a direct claim against and recovery from a political subdivision by a party claiming under a right of subrogation to the claim of another party against the subdivision; and also requires that there be an offset of any recovery by an injured Plaintiff from a political subdivision in the amount of first-party insurance proceeds received by the Plaintiff as compensation for their injuries or damages.

Clearly, the Court has indicated that the case proceeds as normal, and then post-verdict, the Court will do an offset from whatever verdict is obtained. From the cases submitted by the Defendant, it appears that judges have done it both ways. Clearly, the Foster case indicates the proper way to do it is by the use of offset. Offset is obviously post-verdict as opposed to a prohibition of presenting the evidence at all.

It is also relevant to the jury to know the extent of the treatment and services rendered by medical professionals to the Plaintiff, not only to show what she has been through, but it does to a great degree go hand in hand with her pain and suffering, which is going to be a jury decision.

2

So, for that reason, Plaintiff agrees that the Defendant is entitled to the offset as provided for in Foster, but it should be post-verdict as opposed to in limine.

Furthermore, because the subrogation lien is applied against the Plaintiff, this Court will be required to enter an Order clearly stating that this Plaintiff, since she recovered no benefits for medical bills after the offset, that she is not obligated to provide subrogation.

WHEREFORE, Plaintiff acknowledges the offset to which the Defendant is entitled, but asserts it should be done post-verdict as opposed to in limine.  Plaintiff requests such other relief as the Court deems just.

**LESLIE STEWART,**

**By Counsel**

/s/ Michael J. Del Giudice
Michael J. Del Giudice, Esquire (WVSB# 982)
**Ciccarello, Del Giudice & Lafon**
1219 Virginia Street East, Suite 100
Charleston, West Virginia 25301
Telephone: 304-343-4440

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**LESLIE P. STEWART,**

     **Plaintiff,**

**v.**                                  **Civil Action No. 3:21-cv-00274**

**CITY OF HUNTINGTON**

     **Defendant.**

### CERTIFICATE OF SERVICE

I, Michael J. Del Giudice, certify that a true and correct copy of the foregoing

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPOSNE TO DEFENDANT'S MOTION**

**FOR PARTIAL SUMMARY JUDGMENT** was electronically filed with the ECF system on the

**30th** day of **August 2022**.

Lee Murray Hall, Esquire (WVSB # 6447)
JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, West Virginia 25726-2688
*Counsel for Defendant*

/s/ Michael J. Del Giudice
Michael J. Del Giudice (WVSB #982)

4