IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LESLIE P. STEWART,

        Plaintiff,

v.                                         CIVIL ACTION NO.   3:21-0274

CITY OF HUNTINGTON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant City of Huntington's Motion for Partial Summary Judgment. ECF No. 45. For the following reasons, the Court **GRANTS** the Motion in part.

**I. BACKGROUND**

This case arises out of injuries which Plaintiff Leslie P. Stewart sustained when stepping into an "uncovered utility hole" on the night of May 4, 2019 in Huntington, West Virginia. Compl. ¶¶ 3-4, ECF No. 1. As a result of this fall, Ms. Stewart incurred medical bills in excess of $140,000. Def.'s Mot. for Partial Summ. J. at Ex. 1, ECF No. 45; Mem. of Law in Supp. of Def.'s Mot. for Partial Summ. J. 2, ECF No. 46. Ms. Stewart's health insurance—Kentucky Medicaid, administered by Wellcare—settled the entirety of these expenses. Def.'s Mot. for Partial Summ. J. at Ex. 3, Leslie Stewart Dep. 102:2-12. A third-party subrogation company called Equian has asserted a subrogation lien for the $19,028.33 paid by Wellcare. *Id.* at Ex. 2.

Ms. Stewart filed suit in this Court on April 19, 2021 against Defendant City of Huntington ("Huntington"), alleging negligence and nuisance. Compl. ¶¶ 6-14. Plaintiff is seeking damages

related to medical bills, mental pain and suffering, physical pain and suffering, past and future wages, permanent scarring, loss of enjoyment of life, and attorney's fees. *Id*. ¶ 15. On August 15, 2022, Defendants filed the instant Motion for Partial Summary Judgment. ECF No. 45.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

And yet, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has not met the burden of proof on an essential element of his or her case after allowing adequate time for discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy the burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. ANALYSIS

In its Motion for Partial Summary Judgment, Huntington argues that West Virginia Code §29-12A-13(c) "bars claims filed or recovery made under the right of subrogation." Mem. of Law in Supp. of Def.'s Mot. for Partial Summ. J. 4. In her Response, Plaintiff "does not dispute the basis of Defendant's Motion," only arguing over the implications of that statute and related

caselaw as to the issue of when Defendant is entitled to an offset for payments made by Plaintiff's insurance.[1] Pl.s Mem. of Law in Resp. to Def.'s Mot. for Partial Summ. J. 2, ECF No. 51. Accordingly, the Court treats Defendant's Motion for Summary Judgment as to §29-12A-13(c)'s prohibition on subrogation as unopposed. Additionally, Plaintiff's Response requests this Court to "enter an order clearly stating that this Plaintiff, since she recovered no benefits for medical bills after the offset . . . . is not obligated to provide subrogation." *Id*. at 3.

Section 29-12A-13(c) states that "[a]ll actions filed against a political subdivision shall be filed in the name of the real party or parties in interest and in no event may any claim be presented or recovery be had under the right of subrogation." This is a straightforward prohibition and has been treated by the Supreme Court of Appeals of West Virginia accordingly. *See Foster v. City of Keyser*, 501 S.E.2d 165, 186 (W. Va. 1997). In *Foster*, the court held that the statute "bars a direct claim against and recovery from a political subdivision by a party claiming under a right of subrogation to the claim of another party against the subdivision." *Id*.; *accord W. Va. Ctys. Grp. Self-Ins. Risk Pool, Inc. v. Great Cacapon Volunteer Fire Dept.*, 851 S.E.2d 89, 92 (W. Va. 2020).

Therefore, this Court agrees with the parties' undisputed assessment: §29-12A-13(c) bars claims filed or recovery made under the right of subrogation in the instant case. The Court finds that there are no issues of material fact in dispute with regards to this portion of Defendant's Motion, and that Defendant is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** partial summary judgment to the Defendant as to the issue of recovery of damages for

---

[1] This argument implicates whether Plaintiff may testify as to the amount of medical bills charged when pursuing her claims. *See* Def.'s Reply to Pl.'s Resp. to Def's Mot. for Partial Summ. J. 2-3, ECF No. 52. The Court recognizes but does not hold on this dispute in the instant Memorandum Opinion.

amounts paid by Plaintiff's insurance. Furthermore, the Court finds that Plaintiff is not allowed to recover medical expenses from Defendant.

## IV. CONCLUSION

For the forgoing reasons, Defendant City of Huntington's Motion for Partial Summary Judgment (ECF No. 45) is **GRANTED** in part. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 4, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE